MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Stephanie McC. to her three children, Fatima, Danielle and Anthony, ages sixteen, thirteen and nine respectively. The fathers of the two youngest children, Danielle and Anthony, are deceased. The termination of the parental rights of Fatima's putative father, Clinton K., is also sought. These children came into the care of the Department of Children and Families (hereafter the "Department") at various times, beginning in 1993, as their mother was incarcerated and unable to care for them due to her cocaine addiction. Fatima was adjudicated an "uncared for" child and committed to the Department on December 8, 1994 and has had two extensions of her commitment since that time. Danielle was voluntarily placed with the Department by her mother and adjudicated neglected on December 28, 1993. Her commitment has been extended three times. Anthony was also voluntarily placed by his mother and adjudicated an "uncared for" child on June 1, 1995. All three children reside with a maternal cousin, Beverly D., who wishes to adopt them.
The court finds that both the mother and the putative father of Fatima have appeared during the pendency of the case, but not on the date set for the termination trial. Both have court appointed attorneys. The court also finds that each parent had notice of the trial date, father by actual in hand service of a summons and the mother by information provided to her by the Department social worker at the last court hearing as well as by a summons left at her apartment. The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court and reasonable efforts have been made to reunify the mother with her children. No such attempts were made for the putative father of Fatima as he has been absent from her life for many years. CT Page 11500
The court, having read the verified petitions, the social studies, the various documents entered into evidence including the report of the court-appointed psychologist, Dr. Freedman, and having heard the testimony of the case worker, makes the following findings by clear and convincing evidence:
Stephanie McC. has been involved with the criminal justice system since 1979, when she reports her cocaine and heroin addiction began. As a result of her addiction, she has had forty-five arrests stemming from charges of robbery, prostitution, criminal impersonation and assault, among others. She received a tenth grade education and has only sporadically been employed. In the near future, she will become thirty-six years old. During her life, she has never been married and has had three children fathered by three different men. Since 1993, she has been incarcerated for over two years and two months, spent eight months in halfway houses and been under intensive supervision for four months. She has received significant services from the Department to assist her in her personal rehabilitation and in reuniting with her children. Those services include in patient drug treatment at the Kendall Morris House, out-patient services and detoxification at Blue Hills Hospital. She was also offered individual and group counseling to deal with the underlying issues which caused her involvement with drugs and the criminal justice system. She received transportation assistance for visitation, placement of the children with her maternal cousin, where she has enjoyed open visitation as well as Department paid telephone calls to the children while incarcerated. In addition, the Department helped her obtain social security disability income and welfare assistance.
In the last year, her contact with her children has been sporadic. While she has visited her children in the past when not incarcerated, she has not seen her children for over one month. The foster mother reports that since Stephanie's release from incarceration in the last month, she has not contacted her children. She has been unable to meet the physical and emotional needs of her children due to her chronic drug addiction and her unavailability to her children. Despite the many and significant services she received, there have been no signs of any rehabilitation by Stephanie. None of the services offered helped her overcome her addiction and she continues to lead a life centered around the use of illegal drugs. CT Page 11501
Clinton K., the father of Fatima, is thirty-four years old and was located by the Department in February of 1997, when he was released after being incarcerated for two years for sale of narcotics. He received an eleventh grade education and has been regularly employed when not incarcerated. Since February of 1997, he has had several telephone conversations with Fatima and met her once at a mall, where he now woks.
Although he was aware of Fatima's existence and her whereabouts, due to information he received from one of Stephanie's relatives, with whom he was incarcerated, until now he never had any contact with Fatima. He has not acknowledged his paternity and his name is not on her birth certificate. He has never contacted the Department about her, sent cards or letters or paid any support for this child.
The fathers of the two youngest children are deceased and their families are not resources for the children.
Of the three children, Danielle, the middle child, has had the most difficult time. She is morbidly obese and has uneven and borderline intellectual function. Dr. Freedman found she was unsure of herself and "at times of stress or insecurity, she obviously turned to compulsive eating as a way to soothe and nurture herself." At school, she is enrolled in special education classes. At home, she does well, is very attached to her foster mother and has positive relationships with her sister and brother.
Fatima, the oldest, is performing adequately in school where she is in the tenth grade. She is also close to her foster mother and her siblings. Dr. Freedman found her "self-assured, to have risen above the problems in her family and to have drawn strength and guidance from those in her life who offered this." Anthony, the youngest, is physically healthy and also enjoys a good relationship with his other siblings. He has been diagnosed with Attention Deficit Hyperactivity Disorder and is taking Ritalin to help him concentrate. He is close to his foster mother and wishes to remain in her home. All three children not only desire to live together, but want to be adopted by Beverly D., who has supplied them with the only reliable and emotionally consistent parenting they have ever known.
ADJUDICATION
CT Page 11502
With respect to the statutory grounds for termination of parental rights, the court finds, by clear and convincing evidence that Fatima had been abandoned by Clinton K., her putative biological father, as he has not maintained a reasonable degree of interest, concern or responsibility for his daughter as set forth in Connecticut General Statutes § 17a-112 (c) (3) (A). "A parent must maintain a reasonable degree of interest in the welfare of his or her child. `Maintain' implies a continuing reasonable degree of concern." In Re Michael M.,29 Conn. App. 112, 614 A.2d 832 (1992) quoting In Re Rayna M.,3 Conn. App. 23, 37-38, 534 A.2d 897
(1987). The court further finds the facts supporting this finding have existed for an extended period of time far in excess of one year prior to the date of the filing of the petition for termination of parental rights.
The court further finds by clear and convincing evidence that there is no on-going parent child relationship between Fatima and her putative father, Clinton K. He does not have that relationship that ordinarily develops as a result of a parent having met on a continuing day-to-day basis the physical, emotional, moral or educational needs of a child. To allow further time for the establishment or re-establishment of the parent-child relationship would be detrimental to the best interest of this sixteen year old child. Connecticut General Statutes § 17a-112 (c) (3) (B). The court finds that these grounds have existed for more than one year.
The court previously adjudicated each of Stephanie's three children as "uncared for" children; Danielle on December 28, 1993, Fatima on December 8, 1994 and Anthony on June 1, 1995. The court concludes from clear and convincing evidence that Stephanie McC. has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of the children that she could assume a responsible position in their lives. Connecticut General Statutes § 17a-112 (c) (3) (B).
"`Personal rehabilitation" as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent." In re Migdalia M. 6 Conn. App. 194,203, 504 A.2d 532 (1986). See also In re Juvenile Appeal,1 Conn. App. 463, 477, 473 A.2d 795, cert. denied, 193 Conn. 802,474 A.2d 1259 (1984). Stephanie has taken no steps to rehabilitate herself and continues in her drug addicted criminal CT Page 11503 behavior. She has been and continues to be unavailable to her children and cannot provide for their emotional and physical needs. Rehabilitation within the foreseeable future is not probable, given her past conduct. Further, the court finds that this ground has existed for more than one year.
REQUIRED FINDINGS
The court makes the following factual findings required by Connecticut General Statutes § 17a-112 (e) concerning the mother of all three children and Clinton K., the putative father of Fatima, the oldest child.
1) Timeliness, nature and extent of services offered and made available to the parent and the children in order to facilitate the reunion of the children with the parent; Extensive and timely services were offered to Stephanie, but she was unable to utilize them to reunify with her children. Such services could not be offered as the putative father was unavailable and evidenced no interest in Fatima.
2) The court finds that the Department made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the putative father was unavailable to benefit from reunification efforts. While the mother was available, her drug addiction and incarceration made reunification efforts futile.
3) The terms of an applicable court order entered into and agreed upon by any individual agency and the parent and the extent to which all parties have fulfilled their obligations under such order; No such orders were entered as to the putative biological father as to do so given his absence and his lack of participation would serve no purpose. Several sets of reasonable court expectations were set as to Stephanie, none of which she was able to meet.
4) All three children have strong emotional ties with their foster mother who has provided the physical, emotional and educational support they need and require. Fatima, at age sixteen, is only now beginning to be acquainted with her putative father and has only tenuous emotional ties to him.
5) Finding regarding the age of the children. Fatima is sixteen, Danielle thirteen and Anthony nine years of age. CT Page 11504
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it in the best interests of the children to return them to their home in the foreseeable future and (A) the extent to which the parent has maintained contact with the children as part of an effort to reunite the children with the parent, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the children. As the putative father has not participated in his daughter Fatima's life since after the filing of the termination petitions, he has made no such efforts. As to Stephanie, from time to time she has made such efforts, but has not been able to maintain a stable life. It is not in the best interests of the children to return them to her household, given her continued drug addiction.
7) Finding regarding the prevention of the parents from having a meaningful relationship etc. The Department has not been in a position to encourage contact between Fatima and her putative father, due to his voluntary absence from her life. The Department has taken many steps to encourage and foster Stephanie's relationship to her children.
DISPOSITION
These three children remain together in a foster home where their foster mother is supportive of them, cares for them and wishes to adopt them. They need the stability and consistency that are provided by her. They have been in placement for a long time and should not need to wait for permanency any longer. Based upon the clear and convincing evidence and the foregoing findings, the court determines that it is in these children's best interests that a termination of parental rights enter with respect to their mother, Stephanie McC. Further it is in Fatima's best interest that a termination of parental rights enter with respect to her putative father, Clinton K. As previously noted, the fathers of Danielle and Anthony are deceased. These findings are made after considering these children's sense of time, their need for a secure and permanent environment, and their close relationship with their foster mother.
Accordingly, the court hereby ORDERS that the parental rights of Stephanie McC. and Clinton K. are terminated. It also ORDERS CT Page 11505 that the Department is appointed the statutory parent of Fatima, Danielle and Anthony for the purpose of securing an adoptive family and that the foster mother be given first consideration. The Commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by state and federal law.
Barbara M. Quinn, Judge Child Protection Session